IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRIZ RHOADES,                                          )
                                                         )
        Plaintiff,                                       )
                                                         )
   -vs-                                                  )        Civil Action No. 09-261
                                                         )
YOUNG WOMEN'S CHRISTIAN ASSOCIATION                      )
OF GREATER PITTSBURGH, VALERIE                           )
WHEATLEY, an individual, BARBARA MANNING,                )
an individual, LILLIAN YOUNG, an individual,             )
and DENA DAVIS, an individual,                           )
                                                         )
        Defendants.                                      )

AMBROSE, District Judge.

OPINION AND ORDER OF COURT

SYNOPSIS

Pending before the Court is Plaintiff's Motion for Leave to File a Second Amended

Complaint (Doc. No. 28), Plaintiff's Motion to Compel Discovery (Doc. No. 30), Defendants'

Motion to Compel Return of Four Pages of Documents (Doc. No. 32), and Defendants' Motion

to Strike Exhibit 1 (Doc. No. 33). Defendants filed a brief in opposition to Plaintiff's motions and

in support of their own (Doc. No. 34, 42). Plaintiff filed a reply brief in opposition to Defendants'

motion to compel. (Doc. Nos. 41). After careful consideration of the submissions of the parties,

and for the reasons discussed below, Plaintiff's Motion for Leave to File a Second Amended

Complaint is denied, Plaintiff's Motion to Compel Discovery is granted in part and denied in part,

Defendants' Motion to Compel Return of Four Pages of Documents is granted, and Defendants'

Motion to Strike Exhibit 1 is denied as moot.

I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed her *pro se* complaint against Defendant YWCA on February 27, 2009 and a

First Amended Complaint against all Defendants on June 22, 2009. In Plaintiff's First Amended

Complaint, she alleges violations of the Equal Pay Act and retaliation in violation of the Fair

Labor Standards Act. Plaintiff contends that she was paid $1000 per year less that Edward

Kennedy, a male co-worker, and $4,000 less than Steven Meyers, her replacement, on the

basis of her gender. (First Amended Complaint, Doc. No. 14, ¶¶ 36, ). She further contends that

the duties of her position and those of the two male employees were substantially similar. Id. at

¶¶ 19, 64. She states that when she found out about the pay differential between her and

Kennedy, she complained to her superiors about the unequal pay and was subsequently

terminated in retaliation. Id. at 40-49.

On July 29, 2009, Plaintiff filed a Motion for Leave to File a Second Amended Complaint,

which among other things, adds language quoted from Exhibit 1, a document obtained from

Defendants during discovery. (Doc. No. 28). Defendants in turn filed a Motion to Compel Return

of Four Pages of Documents and a Motion to Strike Exhibit 1 of the Proposed Second Amended

Complaint. (Doc. Nos. 32 and 33). In their motions, Defendants claim that four pages of

privileged documents were inadvertently produced to Plaintiff during discovery and should be

returned. Exhibit 1 of the proposed Second Amended Complaint consists of one page of the

four pages in question.

On August 3, 2009, Plaintiff also filed a Motion to Compel Defendant YWCA relating to

her First and Second Sets of Interrogatories, Requests for Admissions, and Request for

Production of Documents. (Doc. No. 30). Plaintiff alleges that Defendant YWCA failed to

adequately respond to interrogatories 1, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21,

22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35 of her First Set of Interrogatories (Doc.

No. 30, Exhibits 2 and 6) and interrogatories 1 through 35 of her Second Set of Interrogatories

2

(Doc. No. 30, Exhibits 4 and 7). She suggests that instructions O and P to her First Set of Interrogatories were not followed and improper verifications provided for both sets of interrogatories. Plaintiff additionally requests that I order the YMCA to provide full and complete answers to document request numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 27, and 31 of her First Request for Production of Documents (Doc. No. 30, Exhibits 3 and 5) and document request numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 13, 14, 15, 16, 19, 20, 22, and 23 of her Second Request for the Production of Documents (Doc. No. 30, Exhibit 7) . Finally, Plaintiff requests an order requiring the YWCA to provide documents from their initial disclosures that can be read without redacted information.

## IV. DISCUSSION

Defendants' Motion to Compel will be addressed first, as both Defendant's Motion to Strike and Plaintiff's Motion for Leave to File a Second Amended Complaint are dependent on the four pages of documents at issue.

### A. INADVERTENT DISCLOSURE, FEDERAL RULE OF EVIDENCE 502(b)

As stated above, Defendants contend that four pages of privileged documents were inadvertently disclosed during discovery. Plaintiff argues that Defendants have not provided any proof that the documents in question were privileged and in the event that they were privileged, privilege was waived when Defendants provided those documents to Plaintiff.

Inadvertent production issues are governed by Fed.R.Evid. 502(b). FRE 502(b) was amended in 2008 and reads:

>Rule 502 Attorney Client Privilege and Work Product;
>
>Limitations on Waiver
>
>(b) Inadvertent disclosure - When made in a Federal proceeding or to a Federal Office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:

> 1) the disclosure is inadvertent;
>
> 2) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

In cases where a party argues inadvertent disclosure, a two-step analysis must be followed. First, it must be determined whether the documents in question were privileged or otherwise protected and second, if privileged documents are produced then a waiver occurs unless the three elements of FRE 502(b) are met: 1) the disclosure must be inadvertent; 2) the holder of the privilege or protection took reasonable steps to prevent the disclosure; and 3) the holder promptly took reasonable steps to rectify the error. Peterson v. Bernardi, –F.Supp.2d–, 2009 WL 2243988, *2 (D.N.J. 2009).  The disclosing party has the burden to prove that the elements of FRE 502(b) have been met. United States v. Sensient Colors Inc., 2009 WL 2905474, *3 (D.N.J. 2009).

Post-amendment, district courts in the Third Circuit have continued to consider the following factors relevant to the issue of inadvertent disclosure of privileged material:

> (1) The reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production.
>
> (2) The number of inadvertent disclosures.
>
> (3) The extent of the disclosure.
>
> (4) Any delay and measures taken to rectify the disclosure.
>
> (5) Whether the overriding interests of justice would or would not be served by relieving the party of its errors.

Rhoads Industries, Inc. v. Building Materials Corp. of America 254 F.R.D. 216, 219 (E.D.Pa. 2008)(citing Fidelity & Deposit Co. of Md. v. McCullouch 168 F.R.D. 516, 520 (E.D.Pa.1996); Peterson, 2009 WL at *3.

4

In support of their argument that the documents were both privileged and met the requirements of FRE 502, Defendants offer a Verification signed by Defendants' counsel Jaime S. Tuite. In this document, Defendants assert that when the YWCA produced their initial disclosures they inadvertently included four pages created by the YWCA's human resources director at the request of counsel for use in defending the present litigation. (Verification of Jaime S. Tuite (hereinafter "Tuite Verification"), Doc. No. 32, Exhibit B, ¶ 2). The Supreme Court has held that "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." Fischer v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1971). "[T]he purpose of the attorney-client privilege is to encourage 'full and frank communication between attorneys and their clients.'" Westinghouse v. Republic of the Phillipines, 951 F.2d 1414, 1423 (3d Cir. 1991). It gives the client the right to object to the disclosure of any privileged communications made during the relationship. United States v. Inigo, 925 F.2d 641, 656 (3d Cir. 1991). However, "for communication to be privileged, it must have been made for the purposes of securing legal advice." Kelly v. Ford Motor Co., 110 F.3d 954, 965 (3d Cir. 1997).

Plaintiff requests the return of the pages numbered YWCA 0000078-YWCA 0000081. These pages consist of a bulleted time line with associated facts, facts relating to employees' positions, and facts relating to Plaintiff's position and pay determinations. Since Attorney Tuite provided a verification stating that these documents were prepared for use in the defense of this litigation and the content of these documents support this statement, I find that the documents were prepared in anticipation of litigation and are therefore privileged.

Pursuant to FRE 502, it is necessary to determine whether waiver occurred. Attorney Tuite's verification suggests that the documents in question were carefully reviewed in categories from the YWCA's files and after review, an administrative error caused the four

5

pages to be placed with Plaintiff's personnel file for labeling and production even though they

were privileged. (Tuite Verification, ¶4). Out of over 1600 pages provided to Plaintiff on April 23,

2009 only four pages of privileged documents were produced. (Id. at ¶ 5). A letter dated April

28, 2009 from Defendants' counsel to Plaintiff suggests that Defendants learned of their

inadvertent disclosure and requested the documents back immediately. (Tuite Verification,

Exhibit 1). The letter was sent only five days after the documents were provided to Plaintiff. A

return letter from Plaintiff indicated receipt of the letter but stated that she would reply at a later

date. (Id. at Exhibit 2). Based on the contents of the verification and exhibits, I find that the

requirements of FRE 502 were met and waiver did not occur. As a result, Defendants' Motion to

Compel the Return of Four Pages of Documents will be granted.

B. MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiff utilized one of the four pages as an Exhibit to her proposed Second Amended

Complaint and made several other minor changes from the First Amended Complaint, which

include: 1) providing middle initials for the individual Defendants in paragraphs 10-12, 2)

providing the race and gender of the individual defendants in paragraphs 10-13, 3) changing the

addresses of the individual Defendants from those of the YWCA to their home residences in

paragraphs 10-12, 4) adding the phrase "but not limited to is" to paragraph 63, 4) adding the

first names and middle initials to individual defendants' last names in paragraphs 66 and 76, 5)

capitalizing et.seq. in the heading of Count I, 6) amending the section heading of Count III, and

6) renumbering the second of two paragraphs labeled 82 to 83.

Federal Rule of Civil Procedure 15(a) states that the Court "should freely give leave to

amend when justice so requires." However, "leave to amend need not be granted when

amending the complaint would clearly be futile." Cowell v. Palmer Tp., 263 F.3d 286, 296 (3d

Cir. 2001). In the instant case, Exhibit 1 was inadvertently disclosed and will be returned to

Defendants. Allowing Plaintiff to amend to include information from that document, therefore,
would clearly be futile and inappropriate. The remaining changes to the complaint have no
bearing on Plaintiff's claims and are not substantive changes. The changes do not warrant the
granting of Plaintiff's motion. As a result, Plaintiff's Motion to File a Second Amended Complaint
will be denied and Defendants' Motion to Strike Exhibit 1 from Proposed Second Amended
Complaint is denied as moot.

## B. PLAINTIFF'S MOTION TO COMPEL

Plaintiff filed a motion to compel requesting that I order Defendant YWCA to fully and
completely answer a substantial number of her first set of interrogatories, all of her second set
of interrogatories, and a number of both sets of her document requests.

The Federal Courts have broad discretion to manage discovery, Sempier v. Johsnson,
45 F.3d 724, 734 (3d Cir.1995), and it is well recognized that the Federal Rules permit broad
and liberal discovery. Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir.1999). Pursuant to the
Federal Rules of Civil Procedure, parties may obtain discovery regarding "any matter, not
privileged, that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The
information sought need not be admissible at trial, so long as it is reasonably calculated to lead
to the discovery of admissible evidence. Id. Further, the Federal Rules' relevancy requirement is
to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an
issue that is or may be involved in the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S.
340, 350, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

## First Set of Interrogatories: Instructions O and P

Plaintiff requests that Defendant YWCA be ordered to comply with instructions O and P
of her First Set of Interrogatories. Instructions O and P state as follows:

> O. State whether the information stated in the reply to each
> Interrogatory is within the personal knowledge of the person

> answering. If the knowledge is not first-hand, state the name (if
> known) of each person to whom the information is a matter of
> personal knowledge.
>
> P. Identify each person who assisted or participated in preparing
> and/or supplying any of the information given in answer to, or
> relied upon in preparing answers to each Interrogatory.

Defendant objects to these instructions, contending that they add additional sub-parts to

Plaintiff's interrogatories taking the number above the maximum permitted by the Federal Rules

of Civil Procedure.

Pursuant to Fed.R.Civ.P. 33(a)(1), "Unless otherwise stipulated or ordered by the court,

a party may serve on any other party no more than 25 written interrogatories, including all

discrete subparts." In New Park Entertainment, LLC v. Electric Factory Concerts, Inc, the

United States District Court for the Eastern District of Pennsylvania decided a motion to compel

discovery. 2000 WL 62315 (E.D.Pa. 2000). In New Park, Defendant objected to the number of

interrogatories propounded by Plaintiff claiming that the instructions constituted subparts to

Plaintiff's interrogatories because they asked for information additional to that requested in the

individual interrogatories. With respect to the instructions, the Court stated that it "[did] not view

subsidiary instructions to the interrogatories as propounding additional interrogatories, but

merely specifying to defendants the type of information plaintiff [was] eliciting in the

interrogatories." Id. at *4. I find that the instant case is similar as Plaintiff is merely specifying in

instructions O and P what type of information she is looking for when propounding her

interrogatories. Therefore, I will grant Plaintiff's Motion to Compel with respect to Instructions O

and P of her First Set of Interrogatories.

First Set of Interrogatories, Second Set of Interrogatories, and Second Set of Requests for the
Production of Documents: Verification

In her motion, Plaintiff asserts that a proper verification was never provided for her First

Set of Interrogatories. She also claims that no verification was provided for the Second Set of

8

Interrogatories and Request for Production of Documents. Federal Rule of Civil Procedure 33 (b)(5) states that "[t]he person who makes the answer must sign them, and the attorney who objects must sign any objections." The verification for the First Set of Interrogatories was included in the Exhibits accompanying Plaintiff's motion. Attorney Salvatore signed the Answers to the First Set of Interrogatories and a verification was provided by Michael McCarren, Director of Human Resources for the YWCA. Since the document is signed by both the attorney who made the objections and drafted the answers and the individual who provided the answers, the Court finds no flaw in this verification. Plaintiff has also alleged that no verification was provided for the Second Set of Interrogatories and Request for the Production of Documents. However, the document was signed by Defendant's attorney and a verification was provided by Michael McCarren. Accordingly, I will deny Plaintiff's Motion to Compel with respect to both verifications.

First Set: Interrogatories 1, 5, 6

For interrogatory 1, Plaintiff indicates that she requires documents in support of the contention that Plaintiff was fired due to her "well-documented performance issues" and requests a summary of any "conversation, correspondence, emails, notes, etc. between the individuals who participated and/or were involved in any way with Plaintiff's performance, complaints, and/or termination." On July 6, 2009, Defendant YMCA responded to Plaintiff's letter requesting additional personnel information stating "enclosed is a supplement to the information provided to you, including the personnel information. To the best of its knowledge, the YWCA does not have any additional records or documents related to your employment." Defendant cannot provide information it does not have and therefore, it would be inappropriate to order Defendant to provide such information. Additionally, under Fed.R.Civ.P. 33(d) it is unnecessary for Defendants to summarize documents which they have provided to Plaintiff as Plaintiff can

9

examine her own personnel records. Defendant incorporated by reference its answer to interrogatory 1 to its answers to interrogatories 5 and 6. These interrogatories ask for essentially the same information as interrogatory 1 and are subject to the same rationale. Defendants' answers, therefore, to interrogatories 1, 5, and 6 are adequate.

First Set: Interrogatories 8, 9, 10, 16, 17, 18, 31, 34, 35; First Set: Document Requests 3, 4, 5, 13, 14, 15, 16, 18, 22, 23, 27, and 31; Second Set: Document Request 13

Defendant objects to interrogatories 8, 9, 10, 16, 17, 18, 31, 34, and 35 asserting that they request the discovery of information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Despite its objections, Defendant provided an answer to many of these interrogatories. Interrogatories 8, 9, and 10 essentially ask for employment information and summaries of records regarding any employee who processed payroll or accounts payable from January 1, 2002 to present. Plaintiff's First Set of Requests for Production of Documents numbers 3, 4, 5, 13, 14, 15, 16, 18, 23, 27, and 31 and Plaintiff's Second Set of Requests for the Production of Documents number 13 request documents pertaining to the same information. Defendant argues that Plaintiff only named one comparator for her Equal Pay Act claim, Edward Kennedy, and therefore, records of other employees are not relevant. Defendants also argue that the production of seven years of information is unduly burdensome and that the YWCA provided a chart with the requested information.

Whether information or documents are discoverable is governed by Federal Rule of Civil Procedure 26(b), which states that information is discoverable if it is "relevant to any party's claim or defense." In Equal Pay Act claims, the statute of limitations does not operate as an evidentiary bar "controlling the evidence admissible at trial." Brinkley-Obu v. Hughes Training, Incorporated, 36 F.3d 336, 346 (4th Cir. 1994)(Plaintiff's Equal Pay Act claim alleging that individuals who were employed prior to her period of employment were comparators was valid). Accordingly, the statute of limitations does not dictate which co-workers the plaintiff may submit

10

as comparators, which may include individuals that ceased to be employed prior to the period covered by the applicable statute of limitations or period of employment by Plaintiff. Id.; 29 C.F.R. §1620.13(b)(5). Since it would  be difficult for Plaintiff to know of all potential comparators from the five year period prior to her employment without this information, discovery is clearly the time in which it would be proper for Plaintiff to obtain such information and it is discoverable. I will therefore grant Plaintiff's motion to compel with respect to interrogatories 8, 9, and 10, and document request numbers 3, 4, 5, 13, 14, 15, 16, 18, 22, 23, 27, and 31 from Plaintiff's first set and number 13 from Plaintiff's second set, overruling Defendants objections.

Interrogatories 16, 17, and 18 request information regarding the resources utilized to determine salaries and pay rates for employees at the YWCA and who made the determinations to create or eliminate accounting and payroll positions. Defendants provided an answer to interrogatory 16 describing the studies and documents utilized in making their salary determinations. It is not clear from Plaintiff's documents why it would be necessary for the Court to compel an answer to this interrogatory. Interrogatory 17 contains several typographical errors, but seems to suggest it is requesting information on why the decision was made to make the pay grades public and who made that decision. The Court agrees with Defendant, however, that this interrogatory is unduly vague and requires speculation as to Plaintiff's meaning. Defendant provided a response to interrogatory 18, which Plaintiff claims was incomplete because Defendant did not give a reason for the creation or elimination of the position to which Plaintiff refers. Defendant's answer, however, clearly states that "the YWCA no longer required an A/P Payroll specialist." Therefore, I will deny Plaintiff's motion to compel answers to interrogatories 16, 17, and 18.

11

Interrogatory 31 requests information regarding communications between the YWCA and any of Plaintiff's prospective employers. Plaintiff suggests that Defendant's answer is non-responsive. Defendant answered, "after reasonable investigation, the YWCA does not have documentation of communications between the YWCA and Plaintiff's prospective employers relating to reference checks regarding Plaintiff's employment." I cannot order Defendant YWCA to produce information that it does not have. Plaintiff does not provide argument suggesting deficiencies with Defendant's answer to interrogatory 34. On review, Defendant's answer appears to be sufficient. Plaintiff has also failed to make any arguments regarding interrogatory 35. Accordingly, Plaintiff's motion will be denied as to interrogatories 31, 34, and 35.

First Set: Document Request 2; Second Set: Document Request 4

Requests 2 (First Set) and 4 (Second Set) ask Defendant to produce all employee personnel files for employees hired and/or terminated by Barbara Manning, Valerie Wheatley, Lillian Young, and Dena Davis from January 1, 2002 to present. These requests are unduly broad and burdensome. Relevant information can be obtained through First Set of Interrogatories 8, 9, 10, 16, 17, 18, 34, 35; First Set of Document Requests 3, 4, 5, 13, 14, 15, 16, 18, 22, 23, 27 and 31; and Second Set of Document Request 13.

First Set: Interrogatories 11, 12, 13, 14, 15

Plaintiff contends that Defendant's answers to interrogatories 11, 12, 13, 14, and 15 are non-responsive. Interrogatories 11, 12, 13, 14, and 15 asked for explanations of Paragraph 13, 27, 30, 34, 36, and 37 of Defendant's answer. Explanations were provided in Defendant's answers. Plaintiff, also asked for the identification of all witnesses and exhibits to support these answers and limited information was provided by Defendant. It was not improper for Plaintiff to request this information as the identification of individuals and documents to support Defendant's answer is part of the standards defining a party's obligations to make initial

12

disclosures under Rule 26 of the Federal Rules of Civil Procedure. See Miller v. Holzman, 240

F.R.D. 1, 3 (D.D.C. 2006). Therefore, I will grant Plaintiff's motion as to interrogatories 11, 12,

13, 14, and 15.

First Set: Interrogatories 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

        Interrogatories 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29 request explanations of

Defendant's additional defenses and documents and witnesses in support of those

explanations. Defendant objected to all of these interrogatories stating that Plaintiff is in

possession of documentation supporting these allegations and incorporated its answer to

Plaintiff's complaint into its objections. This is a sufficient response. The Motion to Compel as

tho these interrogatories is denied.

First Set: Interrogatory 30; First Set: Document Request 12

        Defendant objects to Interrogatory 30 and Document Request 12 on the grounds that

written and oral communications between YWCA's counsel and the YWCA are protected by the

attorney-client privilege and attorney-work product doctrine. Interrogatory 30 states as follows:

> 30.    Please describe all actions you took on receipt of Beatriz
> Rhoades' administrative complaint to preserve all electronic
> evidence that would be relevant to her claims. If you are aware of
> or instructed anyone else to take actions to preserve electronic
> evidence, identify that person and describe what action was taken
> and when.  Please produce any documentation of your actions
> and/or your instructions.

Plaintiff is essentially requesting information on the litigation hold put in place to preserve

documents and electronically stored data.

        "The obligation to preserve evidence arises when the party has notice that the evidence

is relevant to litigation or when a party should have known that the evidence may be relevant to

future litigation." Fujitsu Ltd. v. Federal Express Corp, 247 F.3d 423, 436 (2d Cir.2001) (citation

omitted). With respect to electronically stored information, "[o]nce a party reasonably anticipates

litigation, it must suspend its routine document retention/destruction policy and put in place a

'litigation hold' to ensure the preservation of relevant documents."Zubulake v. UBS Warburg

LLC, 220 F.R.D. 212, 218 (S.D.N.Y.2003).Despite Defendant's contentions, Plaintiff is entitled

to information relating to the litigation hold placed on Defendant's document practices.See

Bellinger v. Astrue, 2009 WL 2496476, *10 (2009).

    After its objection, Defendant answered as follows:

> Plaintiff separated from employment with the YWCA on April 25,
> 2007. YWCA did not receive notice of Plaintiff's charge of
> discrimination until March 28, 2008. During 2008, YWCA retained
> electronic information on its backup tapes for three-month periods
> only and they recycled those tapes. Therefore, by March 28,
> 2008, Plaintiff's electronic information was deleted before YWCA
> had an opportunity to preserve any relevant electronic information.
> After reasonable investigation, YWCA has not identified any
> relevant electronic documentation relating to Plaintiff's
> employment, or to Plaintiff's claims that have not been produced
> to Plaintiff.

Defendant's answer is essentially stating that there were no electronic documents left to

preserve when the YMCA learned of Plaintiff's discrimination claim. In their response to

Plaintiff's document request, Defendant made a similar answer. Defendant's response

sufficiently answers plaintiff's request. Therefore, the motion to compel as to Interrogatory 30

and Document Request 12 is denied.

First Set: Interrogatories 32, 33

    Plaintiff asserts that Defendant's answer to Interrogatory 32 is non-responsive.

Interrogatory 32 requests information with respect to why Plaintiff was not offered the sum of

$34,000 as a salary including the identities of individuals making or participating in the decision,

the role of that person, the positions held, the person's gender, and any documents relating to

that decision. Defendant made some answer to this stating that the reason Plaintiff was not

offered $34,000 was because she "stated that her desired salary was $28,000 to $31,000, but

14

the YWCA offered her $33,000 annually for the position of Accountant, which Plaintiff accepted without negotiating a higher salary." Defendant's response is sufficient and the motion to compel is denied.

Interrogatory 33 asks for each and every reason that Plaintiff was hired and the names of individuals who participated in that decision, including the role of each person, positions held, the person's gender, and documents relied on in making that decision. Defendant answered with the reasons for hiring Plaintiff, named the individuals involved, and stated that Plaintiff's resume, a job description, and interview feedback form were documents utilized in making the decision. Defendant provided those documents to Plaintiff. Since Defendants adequately answered interrogatory 33, Plaintiff's motion to compel will be denied as to that interrogatory.

Second Set of Interrogatories; Second Set: Document Request 22

Plaintiff also requests that Defendant be ordered to respond to her Second Set of Interrogatories. Defendant agreed through email to answer thirty-five interrogatories rather than the twenty-five permitted under Fed.R.Civ.P. 33(a)(1). (Plaintiff's Motion to Compel Discovery, Doc. No. 30, Exhibit 1). Despite this, Plaintiff served a second set of thirty-five interrogatories and now requests that the Court order Defendant YMCA to answer those interrogatories. In total, Plaintiff served 70 interrogatories on Defendant YMCA. Plaintiff did not attempt to seek leave of Court to serve additional interrogatories on Defendant. As a companion to her second set of interrogatories, Document Request 22 requests all documents upon which Defendant relied in answering the Second Set of Interrogatories. Since Plaintiff served her additional interrogatories without leave of Court and because I find the requests excessive. The motion to compel responses to the additional 35 interrogatories and to Document Request 22 (Second Set) is denied.

First Set: Document Request 1

15

Plaintiff states that certain information has been redacted from documents she received during discovery including social security numbers, dates of birth, and financial accounting numbers. Plaintiff is not making an age discrimination claim and has not suggested why she would require social security numbers and financial accounting or bank account numbers for any comparators or employees of the YWCA. Specifically, in Document Request 1, Plaintiff asks that this information be provided for Edward Kennedy. Due to the sensitive nature of this information and its irrelevance to Plaintiff's claims, I will deny Plaintiff's motion as to Document Request 1.

First Set: Document Requests 6, 7, 8, 9, 10, and 11; Second Set: Document Requests 5, 6, 7, 8, 9, 14

Requests 6, 7, 8, 9, 10 (First Set) and Requests 5, 6, 7, 8, 14 request copies of emails. Requests 6 and 7 (First Set) and Requests 5, 6, 7, and 8 (Second Set) request electronic versions of all emails sent from the email accounts of Lillian Young, Dena Davis, Valerie Wheatley, and Barbara Manning relative to all Accountants, A/P Payroll specialists, A/P payroll clerks, A/P payroll assistants, manager HR, and Director of Financial Services, CFO. Request 8 (First Set) requests a more narrow set of emails from Valerie Wheatley's professional email account relating to Judith Barefoot's attendances/absences from January 1, 2002 to present. Defendant makes various objections to these requests including that the information is not relevant and will not lead to the discovery of admissible evidence, and that the request is vague, overly broad and does not specify with reasonable detail the subjects of information sought.

Requests 9 and 10 (First Set) and Request 14 (Second Set) request electronic versions of all emails sent by or to Plaintiff, Edward Kennedy, and Steven Meyers on their YWCA email accounts. Defendants make similar objections to these requests.

Once a discovery request has been received, the party asserting that the request is irrelevant or unduly burdensome must show specifically how the request is burdensome,

16

oppressive, or irrelevant. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982); *see also Momah v. Albert Einstein,* 164 F.R.D. 412, 417 (E.D.Pa.1996); Fed.R.Civ.P. 33(b)(4). Defendants suggest that the requests are unduly burdensome as they ask for more than seven years of professional emails relative to multiple persons and do not specify the topics of information sought. These requests are overly broad as they ask for a significant number of emails from a long span of time. To produce all emails between or sent by these individuals would be unduly burdensome on Defendant. As such, Plaintiff's motion to compel relating to Requests 6, 7,8, 9, 10 of the First Set and 5, 6, 7, 8, and 14 of the second set are denied.

Request 11 (First Set) and Request 9 (Second Set) request copies of the YMCA's email retention policies since January 1, 2004. Defendant answered that it provided a copy of the YWCA's email retention policy that was effective since January 1, 2004 and that no other retention policies exist. Since this information has already been provided and Plaintiff requests policies that Defendant states do not exist, Plaintiff's motion to compel will be denied as to these two requests.

First Set: Document Requests 17, 19, 20, 21; Second Set: Document Requests 15, 16

Defendant objects to Document Requests 17, 19, 20, and 21 (First Set) and Document Requests 15 and 16 of the second set stating that Plaintiff is already in possession of her own personnel records and personnel information and all emails relating to Edward Kennedy and Steven Meyers. Defendant also asserts that it provided all organizational charts for the CEO and Financial Services from January 1, 2002 that are in its possession. Since Plaintiff's only argument is that she believes that there is further information that has not been provided, the motion to compel as to these requests is denied. Defendant has stated that it has provided all information in its possession, and Plaintiff cannot point to specific documents or pieces of information which are missing from those provided.  As a result, Plaintiff's motion to compel is

17

denied as to Document Requests 17, 19, 20, 21 (First Set) and Document Requests 15 and 16 (Second Set).

Second Set: Document Request 1

Document Request 1 asks Defendant to provide the balance sheet and statement of revenue and expenses for the last five years. Defendant suggests that this information is irrelevant as Plaintiff is not entitled to punitive damages. However, Plaintiff is making an FLSA and EPA retaliation claim, and some law suggests that punitive damages may be recoverable. Marrow v. Allstate Sec. & Investigative Services, Inc, 167 F.Supp.2d 838, 846 (E.D.Pa. 2001); Kronick v. bebe Stores, Inc., 2008 WL 4509610, *7 (D.N.J. 2008). Therefore, Plaintiff's motion to compel is granted as to Document Request 1 of her second set.

Second Set: Document Request 2

Document Request 2 requests that Defendant provide "Ceridian report employees with no lateness by department from 01/01/2002 to date." Defendant objects that this request is vague and that the information sought is irrelevant. I agree with Defendant that this request is vague in that it is difficult to discern what Plaintiff is asking for with this request. Accordingly, Plaintiff's motion to compel will be denied as to Request 2.

Second Set: Document Requests 3 and 23

Document Request 3 states, "Provide last known (sic) Steven Oravec, and Dena Davis." Defendant assumed that this request was asking for the last known addresses for these two individuals. Since it is not clear to me that this is, in fact, what Plaintiff was requesting and she makes no specific argument with regard to Request 3, I will deny her Motion to Compel with respect to this request.

Document Request 23 requests employee personnel files for Lillian Young, Dena Davis, Valerie Wheatley and Barbara Manning. As these individuals are Defendants in this case, these

18

personnel files can reasonably be calculated to lead to the discovery of admissible evidence. As a result, Plaintiff's motion to compel will be granted as to Document Request 23.

Second Set: Document Requests 19 and 20

Requests 19 and 20 ask for documents, including email, meeting notes, and notes, relating to any prior lawsuits and administrative agency proceedings in which the YWCA was a party and documents relating to any prior allegations or complaints against the YWCA for unlawful discrimination and/or retaliatory conduct. Defendant objects stating that these requests are lacking a defined temporal scope and are unduly vague. Considering that the YWCA of Greater Pittsburgh has existed for around 140 years and Plaintiff does not specify a time frame in which she is seeking information relating to prior charges of discrimination and retaliation, this request is unduly vague and burdensome. Plaintiff's motion to compel is denied as to these requests.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRIZ RHOADES,                                           )
                                                           )
            Plaintiff,                                     )
                                                           )
    -vs-                                                   )    Civil Action No. 09-261
                                                           )
YOUNG WOMEN'S CHRISTIAN ASSOCIATION                        )
OF GREATER PITTSBURGH, VALERIE                             )
WHEATLEY, an individual, BARBARA MANNING,                  )
an individual, LILLIAN YOUNG, and individual,              )
and DENA DAVIS, and individual,                            )
                                                           )
            Defendants.                                    )

AMBROSE, District Judge.

ORDER

AND NOW, this 14th day of October, 2008, it is Ordered that Plaintiff's Motion for Leave to file a Second Amended Complaint (Doc. No. 28) is DENIED; Defendants' Motion to Compel Return of Four Pages of Documents (Doc. No. 32) is GRANTED; Defendants' Motion to Strike Exhibit 1 (Doc. No. 33) is DENIED as moot; and Plaintiff's Motion to Compel Discovery (Doc. No. 30) is GRANTED as to her First Set of Interrogatories instructions O and P and numbers 8, 9, 10, 11, 12, 13, 14, and 15; GRANTED as to her First Set of Document Requests numbers 3, 4, 5, 13, 14, 15, 16, 18, 22, 23, 27 and 31; GRANTED as to her Second Set of Document Requests numbers 1,13, and 23; DENIED as to her First Set of Interrogatories numbers 1, 5, 6, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35; DENIED as to her Second Set of Interrogatories; DENIED as to her First Set of Document Requests numbers 1, 2, 6, 7, 8, 9, 10, 11, 12, 17, 19, 20, and 21; and DENIED as to her Second Set of Document

20

Requests numbers 2, 3, 4, 5, 6, 7, 8, 9, 14, 15, 16, 19, 20, and 22. Defendants' objections are

overruled for each interrogatory or request to which an answer is compelled.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
U.S. District Judge