IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEATRIZ RHOADES,                                          )
                                                         )
          Plaintiff,                                     )
                                                         )
     -vs-                                                )      Civil Action No. 09-261
                                                         )
YOUNG WOMEN'S CHRISTIAN ASSOCIATION                      )
OF GREATER PITTSBURGH, VALERIE                           )
WHEATLEY, an individual, BARBARA MANNING,                )
an individual, LILLIAN YOUNG, an individual,             )
and DENA DAVIS, an individual,                           )
                                                         )
          Defendants.                                    )

AMBROSE, District Judge.

## MEMORANDUM OPINION and ORDER

On October 14, 2009, I entered an Opinion and Order of Court ruling on Plaintiff's

Motion to Compel Discovery, Plaintiff's Motion for Leave to File Second Amended Complaint,

Defendants' Motion to Compel Return of Four Pages, and Defendants' Motion to Strike Exhibit

1 (Doc. No. 43). Plaintiff, in a letter never filed with the Court, requests that I reconsider my

rulings with respect to her Second Set of Document Requests numbers 2, 4, 5, 6, 7, 8, 14, 19,

and 20 and First Set of Document Requests 2, 6, 7, 8, 9, and 10. (Plaintiff's Letter as

Attachment A to this Opinion). Defendants issued a response letter on November 16, 2009.

(Defendants' Letter as Attachment B to this Opinion). Despite the failure to file, the issue is now

ripe for review.

To grant a motion for reconsideration, the moving party must demonstrate one of the

following: (1) an intervening change in the controlling law; (2) the availability of new evidence

which was not available when the court issued its order; or (3) the need to correct a manifest

injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52

F.3d 1194, 1218 (3d Cir.1995).

> Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. *Cataldo v. Moses*, 361 F.Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories or arguments which could have been made in support of the first motion. *Federico v. Charterers Mut. Assur. Ass'n*, 158 F.Supp.2d 565, 578 (E.D. Pa. 2001).
>
> Where the basis of the motion for reconsideration is to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998); *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, CA No. 98-6740, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006), *quoting Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa.1992). "A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.*

*Payne v. DeLuca* , No. 2:02-CV-1927, 2006 WL 3590014, *1 -2  (W.D. Pa. Dec. 11, 2006).

Plaintiff's Motion for Reconsideration relates only to the aforementioned Document

Requests.  Plaintiff asserts that the information to be obtained from these Requests are

important to her claims and therefore require response. After a careful review of the letters

before me, I cannot discern any argument that would warrant granting Plaintiff's motion. She

merely makes the same arguments that were previously made in her Motion to Compel and has

dictated no change of situation warranting a different outcome. Consequently, Plaintiff has

2

failed to persuade me that my prior decision was clearly wrong and that the adherence thereto would create a manifest injustice or that there is a change in the law that might have resulted in a different conclusion.

THEREFORE, this **17th** day of November, 2009, after careful consideration of Defendant's Motion for Reconsideration (Attachment A), it is ordered that said Motion is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
U. S. District Judge